**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **WINSTON A. BAILEY, #157312,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| vs. | ) | **Case No. 3:21-cv-01449-SMY** |
| | ) | |
| **RANDY GRAVES,** | ) | |
| **SHEILA HEADLEE, and** | ) | |
| **U.S. MARSHALS,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Winston A. Bailey filed the instant lawsuit for alleged deprivations of his constitutional rights while in the White County Jail. This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A. Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

### The Complaint

Plaintiff Winston A. Bailey makes the following allegations in the Complaint (Doc. 1): He arrived at the White County Jail in May 2021. Thereafter, he complained to Sheriff Randy Graves, Jail Administrator Sheila Headlee, unidentified jail officers, and U.S. Marshals about conditions of confinement at the jail, including but not limited to: overprocessed and unhealthy food, lack of cleaning supplies, insect infestations, poor ventilation, poor lighting, exposure to mold, non-functioning sink and toilet, and lack of smoke and carbon monoxide detectors. Bailey has also been denied proper hygiene, exercise, and medical care and has suffered from constipation and strange bumps/bites on his body.

Based on the allegations in the Complaint, the Court designates the following claim in this

*pro se* action:[1]

Count 1:    Unconstitutional conditions of confinement claim against
            Defendants for subjecting Bailey to living conditions at the White
            County Jail from May until November 2021 that created a risk to his
            health and safety.

## Discussion

To proceed on a civil rights claim, a plaintiff's constitutional rights must have been violated

either by a person acting under color of state law in violation of 42 U.S.C. § 1983, or by a person

who was acting under the color of federal authority (*see Bivens v. Six Unknown Named Agents*,

403 U.S. 388 (1971)).   The form complaint Bailey used to assert his claim gives the prisoner-

plaintiff the option to label the action as arising under 42 U.S.C. § 1983 (for state prisoners), 28

U.S.C. § 1331 (federal prisoners), or the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346

and 2671-2680.   Bailey selected 28 U.S.C. § 1331 (federal prisoner).   His selection and the

allegations in the Complaint suggest that he is in federal custody and wishes to proceed on a *Bivens*

claim against the defendants.

A *Bivens* action may only be maintained against a federal official in his or her individual

capacity for alleged unconstitutional conduct; it cannot be maintained against the United States or

a federal agency.   *FDIC v. Meyer*, 510 U.S. 471, 484-486 (1994).   Therefore, because the U.S.

Marshals Service is a federal agency, Bailey's claim against it must be dismissed.

The Sheriff and Jail Administrator are county employees, not federal employees.   And

claims against local officials are generally brought pursuant to § 1983, as opposed to *Bivens*, even

---

[1] Any claim that is mentioned in the Complaint but not addressed in this Order is dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

when raised by federal detainees. *Belbachir v. County of McHenry,* 726 F.3d 975, 978 (7th Cir. 2013). A housing contract between the U.S. Marshals Service and a county jail does not automatically federalize the jail employees. *Id.* Section 1983 likely provides the proper avenue to relief. *See Martinez v. Benzing*, No. 20-CV-01278-JPG, 2021 WL 1978794, at *1 (S.D. Ill. May 18, 2021) (analyzing *Bivens* claim brought against Marion County Sheriff and Jail Administration as a § 1983 claim). Thus, for purposes of this screening order, the Court assumes Bailey's claim against the Sheriff and Jail Administrator arises under § 1983.

If Bailey was a convicted person during the relevant time, his claim implicates the Eighth Amendment prohibition against cruel and unusual punishment. If he was a pretrial detainee, the claim implicates the Fourteenth Amendment due process clause. Under either standard, jail officials must provide incarcerated individuals with adequate food, medical care, and other basic necessities such as reasonably adequate ventilation, sanitation, bedding, hygienic materials, and utilities. *Hardeman v. Curran*, 933 F.3d 816, 821 (7th Cir. 2019); *James v. Milwaukee Cnty.*, 956 F.2d 696, 699 (7th Cir. 1992). The allegations in the Complaint state a colorable claim against Sheriff Graves and Jail Administrator Headlee under the Eighth and Fourteenth Amendments (to the extent Bailey seeks injunctive relief at the close of the case, an official capacity claim against the Sheriff is added to the docket).

## Disposition

Count 1 will proceed against Graves (official and individual capacities) and Headlee (individual capacity), but is **DISMISSED with prejudice** as to the U.S. Marshals. The Clerk of Court is **DIRECTED** to **TERMINATE** the U.S. Marshals as a party.

The Clerk of Court shall prepare for Graves (official and individual capacity) and Headlee: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6

(Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a

delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  May 5, 2022**

<u>*s/ Staci M. Yandle*</u>
**STACI M. YANDLE**
**U.S.  District Judge**

<u>**Notice to Plaintiff**</u>

The Court will take the necessary steps to notify the Defendant of your lawsuit and serve the Defendant with a copy of your Complaint.  After service has been achieved, Defendant will enter an appearance and file an Answer to your Complaint.  It will likely take at least **60 days** from the date of this Order to receive the Defendant's Answer, but it is entirely possible that it will take **90 days** or more.  When Defendant has filed an Answer, the Court will enter a Scheduling and Discovery Order containing important information on deadlines, discovery, and procedures. **Plaintiff is advised to wait until counsel has appeared for Defendant before filing any motions, to give the Defendant notice and an opportunity to respond to those motions. Motions filed before Defendant's counsel has filed an appearance will generally be denied as premature. Plaintiff should not submit any evidence to the Court at this time, unless specifically directed to do so.**